772

■ In the Matter of HERMAN STEINMETZ, Real Estate Broker, Doing Business as PUBLIC REALTY SERVICE, Petitioner, v. JOHN P. LOMENZO, as Secretary of State, Respondent.— Determination of the respondent, dated February 28, 1969, suspending the petitioner's real estate broker's license for a period of four months, unanimously annulled, without costs and without disbursements, and the same is vacated. We conclude that under all the circumstances disclosed there was no substantial evidence in the record to sustain the finding of the hearing officer, on which the order of the Secretary of State was based, that the petitioner knowingly aided and abetted two minor functionaries in his office in a violation of section 440-a of the Real Property Law. (*Matter of Phinn* v. *Kross*, 8 A D 2d 132.) Among other facets of the proceeding, we note: (a) the complaint was not made until July 18, 1968, or about a year-and-a-half after the events; and (b) the facts are equally consistent with a holding that the wife of the petitioner and the office female employee were but lesser adjuncts of the office and simple office personnel who did not hold themselves out as real estate brokers or saleswomen. Concur— Stevens, P. J., McGivern, McNally and Tilzer, JJ.

■ DOROTHY M. SCHLUTER et al., Respondents-Appellants, v. LOUIS E. WOLFSON, Appellant-Respondent, et al., Defendants.— Order and judgment (one paper) entered on September 19, 1969, unanimously modified on the law to the extent of denying plaintiff's motion for summary judgment and vacating the judgment thereon and, as so modified, affirmed, without costs and without disbursements. This action is one to recover sums allegedly paid to Wolfson by the corporate defendants in excess of the amounts allowable pursuant to a stipulation of settlement of prior consolidated derivative actions. Paragraph 4 (b) of the stipulation provides as follows: "The defendant Louis E. Wolfson will not receive from or be paid by Merritt or Revday, or any subsidiary of Merritt or Revday, any compensation for services rendered of any nature or by way of expense allowances, both or either, in excess of a total of $150,000 in any calendar year from the date hereof through December 31, 1968. From and after January 1, 1969, and until the liquidation or dissolution of Merritt, Revday, or any subsidiary, is completed, the defendant Louis E. Wolfson will not receive from or be paid by Merritt or Revday or any subsidiary of Merritt or Revday, any compensation for services rendered of any nature or by way of expense allowances, both or either in excess of a total of $50,000 in any calendar year." This stipulation dated May 29, 1967 did not become final until April 24, 1968 since a further stipulation provided that consummation of the settlement must await final judgment of approval as well as the expiration of time to appeal. Paragraph 4 (b) of the stipulation presents a conflict between the phrase "from the date hereof", which is May 29, 1967, and "calendar year" which the court below interpreted as running from January 1, 1967. This presents an ambiguity. Defendants contend "from the date hereof" was purposely inserted in order to eliminate from the limitation on Wolfson's compensation the sums he had already been paid. The interpretation of the court below would require defendants to repay excess compensation Wolfson allegedly received in that part of 1967 preceding the date of the stipulation. The intention of the parties therefore becomes relevant and a triable issue, however tenuous, is made out in this regard. Concur — Stevens, P. J., McGivern, McNally and Tilzer, JJ.